## New Pittsburg Coal Co. *v.* Stillwagner.

(Decided December 18, 1933.)

*Messrs. Pomerene & Boulger* and *Mr. A. D. Russell,* for plaintiff in error.

*Mr. Richard N. Larrimer* and *Mr. Fred W. Crow,* for defendant in error.

MAUCK, J. William Stillwagner, on May 26, 1932, filed his petition in the Common Pleas Court on appeal in a proceeding for workmen's compensation, alleging the disallowance of his claim by the Industrial Commission. He pleaded that on January 22, 1923, he was in the employment of the New Pittsburg Coal Company, a self-insurer; that in the usual course of his employment as a coal miner he sustained an injury to his thigh which resulted in a hernia; that his claim was recognized by the defendant, and compensation was paid him to February 22, 1933. He further alleged that in fact he was partially disabled from the day of his injury to January, 1932, and totally and permanently disabled since the last date. He alleged that on October 1, 1931, he filed with the Industrial Commission an application for adjustment, and that the commission found that "the claim has been recognized by the employer and compensation paid for the period of disability." He pleaded that this was a denial of his right to continue to participate, and prayed for judgment. Issue was eventually joined on this petition and a judgment entered for the plaintiff. This judgment the defendant here seeks to reverse.

The questions here raised and argued are numerous and complicated, but may be, in our view, reduced to two propositions essential to a final disposition of the controversy.

1. Concurrently with the filing of his petition, the plaintiff filed a precipe for summons, and summons was issued. Several attempts to procure service failed, and not until September 20 was the summons issued which supports this present judgment, and this summons was served on October 24, 1932. This service was found good by the trial court on February 15, 1933. Answer was made on February 25. When the trial was actually had does not appear, but the finding of the court, a jury having been waived, was made on June 1, 1933. It is now claimed that the court had no

jurisdiction to enter an award at that time because of the limitation then fixed by Section 1465-86, General Code. That section provided: "* * * no * * * finding or award in respect of any claim whether filed heretofore or hereafter shall be made with respect to disability, compensation, * * * after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death, or ten years after the injury in cases in which no compensation ever has been awarded."

We cannot find that the case at bar falls within the limitation thus expressed. The commission, it is true, was bound to render any effective finding within the ten-year period. Within that limitation, however, it had all its statutory power up to the last minute of the ten-year period, and the applicant's right, including the right to take and prosecute his appeal to judgment, was continuous throughout that period. If the limitation is to be applied to the finding of a judgment of the Court of Common Pleas on appeal, it follows that the applicant had no adequate right of appeal in such cases as might have been decided by the commission within the ten-year period, but so late therein as to render a hearing and final judgment in the common pleas impossible. It is accordingly concluded that, as the applicant had full appellate rights against all findings of the commission, the section referred to only requires the commission to exercise its power within the term prescribed. To hold otherwise would be to hold that in some cases, to wit, those in which the finding of the commission was made late in the period, the applicant had no appeal at all, and this would put this vital right of the applicant to the mercy of the commission. This view is not in conflict with *State, ex rel. Boswell*, v. *Industrial Commission*, 125 Ohio St., 341, 181 N. E., 476, where the court was considering only a situation where the application was in fact made after the ten-year limitation had run.

2. Upon the merits of the case, the argument of the parties has covered a wide field, due in part to the uncertainty of the exact nature of the application for relief made by the plaintiff in October, 1931. It is, however, now conceded by the plaintiff, that, if that application was either an original application for relief, or one asserting a new and changed condition entitling him to supplemental compensation, he cannot now recover. We need, therefore, not go further than to consider the question of whether the plaintiff can recover upon the only theory upon which he could possibly succeed.

The injury of the plaintiff occurred on January 22, 1923. The employer was at once informed of that fact. The applicant then became entitled to compensation commensurate with his disabilities in an amount at least equal to the amount fixed by statute for the employees of those who are not self-insurers. On March 5, 1923, there was filed with the commission on a blank furnished by the commission what was called a "First Notice of Injury and Application." This instrument was typewritten, and bore the purported signature of the applicant with the acknowledgment of notice by the employer. To it was appended a report of the attending physician. By the filing of this instrument the commission acquired jurisdiction over the case. The report of the physician described the applicant's injury thus: "Left leg bruised and slightly cut between the knee and hip." It showed affirmatively that the applicant did not have hernia. When the employer became aware of the applicant's injury, the extent of the disability and the amount of compensation to be paid by the employer became a matter for private negotiation and agreement, subject, of course, to the protective scrutiny of the commission whenever the action of the commission was invoked. The parties did negotiate and agree, and the employer paid to Stillwagner compensation for something over three weeks.

Rule 12 of the commission provided for the filing of a final report by the employer, showing, among other things, the total expenditure made by it for compensation and other expenses.

Rule 13 read as follows:

"Upon receipt of final report, as provided for in Rule 12 hereof, the same shall be examined and if found to provide for the payment of compensation, etc., in accordance with the provisions of the Compensation Act, the *award* shown therein shall be approved by the Commission.

"In the event the *award* shown on said Final Report is not in accord with the provisions of said act, notice of such fact shall be given to the employer forthwith, and it shall be the duty of such employer to immediately pay such award as may be indicated by said notice and to file corrected Final Report.

"Said Final Report shall, in every instance, be signed by the employer and the employee, except that in case of death the Final Report shall be signed by the dependent or dependents of deceased employee."

In the case at bar, the employer, on April 23, 1923, filed a final report bearing the signature of the applicant and showing that the applicant had been paid $49.29 compensation for the injury of January 22, disabling the applicant from January 27 to February 27. To this was attached the certificate of the attending physician showing that the applicant was ready to resume his regular work. This report bears a stamp indicating its examination and approval by the commission.

It follows, then, that the commission obtained jurisdiction of the claim on March 5, 1923, and closed the case by its approval of the final report on May 23, 1923.

If the parties had been unable to agree, the situation would have been met by rule 17 of the commission. That rule provided that, in the event that the employer

and injured employee were "* * * unable to arrive at an agreement as to the nature and extent of the injury · * * * and the disability resulting from the same, or as to the amount of compensation to be paid or furnished by the employer, the employee, or the dependents of such employee, * * * may file an application with the commission for the purpose of having the amount of such compensation, etc., determined in accordance with the provisions of Section 1465-75, G. C., and Section 1465-68b, G. C."

The applicant did not avail himself of the opportunity afforded by this rule, and he could not have done so because there had been no failure upon the part of the parties to agree.

It is urged for the applicant, however, that no award was ever made. Of course, no award was ever made him by the commission, but an award was made by the employer, and this became the award of the commission when the final report was approved. The case before the commission was accordingly closed in 1923. If, as now claimed, the applicant had suffered a hernia at the time he received the injuries, for which he was compensated, he had the right to resist the approval of the final report of the employer. This he did not do, but, on the contrary, expressed his approbation of that report and all its contents. If, through ignorance, he thereby lost some right to which he was entitled, he probably had a right to reopen the case for the purpose of asserting a new disability for which he had not been compensated. The assertion of this new disability, however, was and is covered by the provisions of Section 1465-72a, General Code, limiting his right to apply for compensation to two years after the injury. The applicant was consequently barred from securing relief on the claim that he now asserts on January 22, 1925.

It is finally urged in behalf of the applicant that his claim was kept alive and was, during all the interven-

ing years, an actual pending claim by reason of some informal, oral application made by him to the employer. This seems to us manifestly an after-thought. The record shows that the plaintiff in his oral testimony in chief did not attempt to establish such a fact. He testifies that the hernia immediately followed the injury. It was only incidentally and on cross-examination that he intimated that his employer had any knowledge of the hernia. We quote:

"Q. Why didn't you tell this employer until nine years? When did you ever tell anybody other than Dr. Scott? A. I told John Elliot, the superintendent, and he said they wouldn't pay for that.

"Q. When was that? A. I don't know.

"Q. Was it shortly after the accident? A. Yes, it was shortly after the accident and then I didn't know anymore about it until a man told me about this man and I wrote him."

It is, moreover, to be observed that there was no allegation in the petition filed in the Common Pleas Court and no reference in the application made to the commission of any oral application made to the employer. As the oral application must have formed the only possible basis for avoiding the statute of limitations, it was incumbent upon the plaintiff to set up that fact in his petition, if it had been true, and the petition was subject to demurrer in the absence of such an averment. The evidence quoted does not show an oral application for relief. It only shows that the employee told the employer's superintendent that he had a hernia, and that the superintendent said "they wouldn't pay for it." So far as the record shows, this conversation, if it ever occurred, may as well have occurred before the settlement of April, 1923, as afterward. We attach no significance to it.

The petition of the plaintiff did not state a cause of action. The undisputed facts show that the plaintiff had no cause of action.

The judgment of the Common Pleas Court is reversed, and, proceeding to render the judgment that that court ought to have rendered, judgment is now entered for the plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

BLOSSER, P. J., and MIDDLETON, J., concur.